# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LISA A. KIRK,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1222** (BOR Appeal No. 2049563)
                    (Claim No. 2013017716)

**MARRIOTT INTERNATIONAL, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Lisa A. Kirk, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Marriott International, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 29, 2014, in which the Board affirmed a June 26, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's May 30, 2013, decision to hold that a compensable injury to Ms. Kirk's right shoulder occurred on January 5, 2013. The claims administrator had denied Ms. Kirk's request for cervical treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kirk worked as a housekeeper for Marriott International, Inc. On January 5, 2013, she suffered an injury to her right shoulder while changing sheets on a mattress. The next day Ms. Kirk was treated at HealthPlus Urgent Care Center for a sprain of her right shoulder. The claims administrator held her claim compensable for a right shoulder condition but excluded the cervical spine as a compensable condition of the claim. Ms. Kirk then came under the care of

1

David E. Ede, M.D., who found that she complained of right shoulder and upper arm pain. Ms. Kirk also complained that physical therapy had not improved her symptoms.

On April 10, 2013, an MRI was taken of Ms. Kirk's cervical spine which revealed significant degenerative disease at her C3-4 and C4-5 discs. Following this MRI, Dr. Ede requested that Ms. Kirk be referred to a neurosurgeon for treatment of her cervical spine. On May 30, 2013, the claims administrator denied Dr. Ede's treatment request. The claims administrator stated the denial was based on an evaluation by Prasadarao B. Mukkamala, M.D., who found that there was no causal relationship between Ms. Kirk's cervical condition and her compensable injury.[1] The denial also included language indicating that a compensable injury had not occurred. Despite this denial, Ms. Kirk underwent a neurosurgical consultation with John D. Orphanos, M.D., related to her neck, right shoulder, and arm pain. He believed she had a displaced cervical intervertebral disc and cervical radiculopathy. Dr. Orphanos requested authorization for a C3-4 and C4-5 anterior cervical discectomy and fusion. Although there is no indication in the record that the claims administrator granted the requested authorization, Dr. Orpahnos performed the surgery, and afterwards, Dr. Ede found that her pain had improved. However, Michael R. Condaras, D.C., evaluated Ms. Kirk and found that her cervical spine complaints were not related to the compensable injury. He noted that the MRI taken on April 10, 2013, revealed degeneration of the cervical spine. He found that this degeneration developed over several years and was not related to the compensable injury. On June 26, 2014, the Office of Judges modified the claims administrator's decision to show that Ms. Kirk suffered a compensable injury on January 5, 2013, to her right shoulder. The Board of Review affirmed the Order of the Office of Judges on October 29, 2014, leading Ms. Kirk to appeal.

The Office of Judges concluded that, although Ms. Kirk demonstrated that she suffered a compensable injury to her right shoulder on January 5, 2013, she has not presented sufficient evidence showing that her current cervical problems for which she requested treatment are related to the compensable injury. The Office of Judges found that Ms. Kirk had prior cervical problems, including treatment for cervical disc displacement, dating back to 2011. It also found that Ms. Kirk had been involved in a motor vehicle accident in 2012, in which she sustained injuries to her neck. Partly due to the evidence of pre-existing neck problems, the Office of Judges found that the record was insufficient to determine if the requested treatment for Ms. Kirk's cervical spine is related to the compensable injury. The Office of Judges also took note of Dr. Condaras's opinion that Ms. Kirk's current cervical problems were degenerative in nature. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Ms. Kirk argues that she is entitled to have cervical disc herniation added to the claim. She also requests that this Court authorize treatment for her cervical condition.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Kirk has not demonstrated that the request for cervical spine treatment is medically related and reasonably required for her compensable injury. Ms. Kirk has not demonstrated that

---

[1] Dr. Mukkamala's evaluation was not submitted into the record before the Office of Judges and therefore, cannot be considered.

her current cervical symptoms and need for treatment are causally related to the right shoulder injury she suffered on January 5, 2013. The initial treatment records following the compensable injury do not indicate that Ms. Kirk complained of neck related symptoms. The records from her treatment with Dr. Ede also do not include complaints of neck pain. Although the MRI taken on April 10, 2013, revealed significant cervical spine conditions, Dr. Condaras believed these conditions were degenerative in nature. The remainder of the record, including the evidence of Ms. Kirk's pre-existing cervical problems, sufficiently supports Dr. Condaras's opinion, and the Office of Judges was within its discretion in not authorizing the requested cervical treatments.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum